David J. Kaminski (SBN: 128509)
kaminskid@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
yeomansk@cmtlaw.com
**CARLSON & MESSER LLP**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
Client Services, Inc.

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI BAGRAMYAN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CLIENT SERVICES, INC., a Missouri corporation;<br><br>Defendant. | Case no. 2:12-cv-00463-SVW-JCG<br><br>**DEFENDANT CLIENT SERVICES, INC.'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: September 10, 2012<br>Time: 1:30 pm<br>Room: 6<br><br>Complaint filed January 18, 2012 |

**TO THE COURT, PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 56-1, Defendant, Client Services hereby submits its Separate Statement of Uncontroverted Facts and Conclusions of Law in support of Defendant's Motion For Summary Judgment filed concurrently herewith.

### UNCONTROVERTED FACTS & CONCLUSIONS OF LAW

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **Plaintiff's claims under the FCRA & CCRAA fail as a matter of law because a debt collector may obtain a debtor's credit report to aid in the collection of debt arising from a credit transaction involving the debtor.** | |
| 1. Plaintiff alleges that Defendant obtained Plaintiff's credit report without a permissible purpose as required by 15 U.S.C. § 1681b and Cal. Civ. Code § 1785.11. | Complaint ¶ 40. |
| 2. Defendant Client Services, Inc. is a debt collection company and is regularly engaged by creditors to collect unpaid accounts on behalf of those creditors. | Complaint ¶¶ 31 & 38-39; Declaration of Todd Campbell ("Campbell Decl.") ¶ 5. |
| 3. Plaintiff Ani Bagramyan is the account holder of a past due credit card account (xxxx-xxxx-xxxx-4442) owned by Citibank, N.A. | Campbell Decl. ¶ 6 & Exh. A (Plaintiff's Account Records, p. 1) thereto. |
| 4. Plaintiff had an unpaid balance of $9,552.45. | Campbell Decl. ¶ 7 & Exh. A (Plaintiff's Account Records, p. 1) thereto. |

07001.00/186211-1.wpd

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 5. Plaintiff's last payment on the account was made January 18, 2010. | Campbell Decl. ¶ 8 & Exh. A (Plaintiff's Account Records, p. 1) thereto. |
| 6. Plaintiff's past due credit card account was referred to Client Services for collection on December 21, 2010. | Campbell Decl. ¶ 9 & Exh. A (Plaintiff's Account Records, p. 1) thereto. |
| 7. On December 22, 2010, Client Services requested and obtained Plaintiff's consumer credit report from Experian, one of the three major credit reporting agencies. | Complaint ¶ 37; Campbell Decl. ¶ 10 & Exh. A (Plaintiff's Account Records, p. 2) thereto. |
| 8. Defendant pulled Plaintiff's credit report without Plaintiff's knowledge or consent while attempting to collect a debt.  Plaintiff alleges that the "the credit reviews and credit inquiries were used as collection tactics by Defendants with intent to obtain information and thereby unfair advantage over Plaintiff and/or harm Plaintiff's good name and credit rating." | Complaint ¶¶ 37-39 58; Campbell Decl. ¶ 10. |
| 9. On June 20, 2011, Plaintiff's account was recalled by Citibank. | Campbell Decl. ¶ 13 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 10. Plaintiff sent letters to Defendant requesting a deletion of the credit inquiry from Plaintiff's credit report unless Defendant could provide a justification to Plaintiff for the review of Plaintiff's credit report. | Complaint ¶¶ 45 & 47. Campbell Decl. ¶ 14 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |
| 11. On November 1, 2011, Client Services received a letter sent on behalf of Plaintiff. | Campbell Decl. ¶ 15 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |
| 12. The letter was forwarded to Citibank pursuant to Client Services' policy to forward to the creditor all correspondence received after an account is recalled. | Campbell Decl. ¶ 15. |
| 13. On November 14, 2011, Client Services received another letter sent on behalf of Plaintiff. | Campbell Decl. ¶ 16 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |
| 14. The correspondence was again forwarded to Citibank. | Campbell Decl. ¶ 16. |
| 15. Client Services never sent a response to Plaintiff. | Complaint ¶¶ 46-48; Campbell Decl. ¶ 17 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |
| **Plaintiff's claims under the CCRAA fail as a matter of law because Cal. Civ. Code § 1785.11 applies only to credit reporting agencies.** | |
| 16. Plaintiff alleges that Defendant obtained Plaintiff's credit report without a permissible purpose as required by Cal. Civ. Code § 1785.11. | Complaint ¶ 61. |

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 17. Defendant is not a consumer credit reporting agency and does not assemble or evaluate consumer credit information for the purpose of creating and furnishing consumer credit reports to third parties. | Campbell Decl. ¶ 19. |
| 18. Plaintiff has not alleged that Defendant is a consumer credit reporting agency. | Complaint, *passim*. |
| **Plaintiff's claims under the FDCPA fail as a matter of law because Plaintiff has not alleged any communications subject to the FDCPA's notice & disclosure requirements.** | |
| 19. Plaintiff alleges that Defendant violated the FDCPA by (1) failing to provide notice of the debt and disclosures as required by 15 U.S.C. § 1692e(11), and (2) failing to provide written notice of Plaintiff's right to debt verification and information about the debt as required by 15 U.S.C. § 1692g(a). | Complaint ¶ 51. |
| 20. Plaintiff sent letters to Defendant requesting a deletion of the credit inquiry from Plaintiff's credit report unless Defendant could provide a justification to Plaintiff for the review of Plaintiff's credit report. | Complaint ¶¶ 45 & 47. Campbell Decl. ¶ 14 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 21.  On November 1, 2011, Client Services received a letter sent on behalf of Plaintiff. | Campbell Decl. ¶ 15 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |
| 22.  The letter was forwarded to Citibank pursuant to Client Services' policy to forward to the creditor all correspondence received after an account is recalled. | Campbell Decl. ¶ 15. |
| 23.  On November 14, 2011, Client Services received another letter sent on behalf of Plaintiff. | Campbell Decl. ¶ 16 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |
| 24.  The correspondence was again forwarded to Citibank. | Campbell Decl. ¶ 16. |
| 25.  No response was ever sent to Plaintiff. | Complaint ¶¶ 46-48; Campbell Decl. ¶ 17 & Exh. A (Plaintiff's Account Records, p. 4) thereto. |

**Plaintiff's claims under FDCPA fail as a matter of law because Client Service complied with the notice & disclosure requirements**

| | |
|---|---|
| 26.  Plaintiff alleges that Defendant violated the FDCPA by (1) failing to provide notice of the debt and disclosures as required by 15 U.S.C. § 1692e(11), and (2) failing to provide written notice of Plaintiff's right to debt verification and information about the debt as required by 15 U.S.C. § 1692g(a). | Complaint ¶ 51. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 27.   On December 27, 2010, an automated collection letter was sent to Plaintiff which included a validation notice as required by 15 U.S.C. § 1692g. | Campbell Decl. ¶ 11 & Exh. A (Plaintiff's Account Records, p. 2) thereto. |
| 28.   The letter itself was drafted specifically for the purpose of complying with the requirements of § 1692g and it sent to every debtor at the outset of every account collected by Client Services as a matter of course its ordinary business practice. | Campbell Decl. ¶ 12. |
| **Plaintiff's claims under the FDCPA & Rosenthal Act fail as a matter of law because Plaintiff has not alleged any false, deceptive, unfair or unconscionable collection activities.** ||
| 29.   Plaintiff alleges that Defendant violated the FDCPA & Rosenthal Act by (1) using false representations and deceptive means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. § 1692e(10) and Cal. Civ. Code. § 1788.17; and (2) using unfair and/or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f and Cal. Civ. Code. § 1788.17. | Complaint ¶¶ 51 & 54. |

7

SEPARATE STATEMENT
2:12-cv-00463-SVW-JCG

07001.00/186211-1.wpd

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 30. Defendant did not make any false representations to Plaintiff or otherwise act in any deceptive, unfair or unconscionable behavior with respect to Plaintiff. | Campbell Decl. ¶ 18. |
| 31. Plaintiff has not alleged any acts or omissions by Defendant that would support a claim for false, deceptive, unfair or unconscionable collection activities. | Complaint, *passim*. |
| 32. The only facts alleged by Plaintiff are that Defendant reviewed Plaintiff's credit report while preparing to collect a debt and Defendant did not respond to Plaintiff's demands that the credit inquiry be deleted, a practice that is entirely legal and within its rights. | Complaint ¶¶ 37-41 & 43-48. |//
| **Plaintiff's claims for libel and false light fail as a matter of law because plaintiff fails to allege a publication.** ||
| 33. Plaintiff alleges that Defendant's review of Plaintiff's credit report appears on Plaintiff's credit report and because Defendant is a known debt collector, there is a presumption that Plaintiff has poor fiscal responsibility, lowering Plaintiff's credit score and injuring Plaintiff's reputation. | Complaint ¶¶ 64-66. |

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 34. Nowhere in Plaintiff's Complaint does Plaintiff allege that Defendant published any information about Plaintiff. | Complaint, *passim*. |
| 35. Defendant has no control over the information ultimately included in a credit report by a credit reporting agency and in no way contributes to a credit report's publication. | Campbell Decl. ¶ 20. |

**Plaintiff's claims for libel and false light fail as a matter of law because a credit review cannot serve as the basis for a claim of libel or false light.**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 36. The sole basis of Plaintiff's claim for defamation and invasion of privacy rests on his conclusion that Defendant committed an unauthorized credit inquiry. | Complaint ¶¶ 64-66. |
| 37. The sole basis of Plaintiff's claim for defamation and invasion of privacy rests on his conclusion that Defendant committed an unauthorized credit inquiry. | Complaint, *passim*. |

**Dated:** August 3, 2012           **Carlson & Messer, LLP**

By:  /s/ Keith A. Yeomans
     Keith A. Yeomans

Attorneys for Defendant
Client Services, Inc.

07001.00/186211-1.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Los Angeles, California 90045.

On **August 6, 2012**, I served the foregoing document described as: **DEFENDANT CLIENT SERVICES, INC.'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]   (BY MAIL)
      I sealed such envelope(s) and placed it (them) for collection and mailing on this dates following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]   **VIA NEXT DAY FEDERAL EXPRESS**
      I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business morning.

[ ]   **PERSONAL SERVICE BY HAND** - I personally served document to address stated on POS Service List.

[ ]   **BY FACSIMILE** - I transmitted via telecopier machine such document to the offices of the addressees.

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[ ]   **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **6th** day of **August, 2012** at Los Angeles, California.

*Linda Brooks*
Linda Brooks

## SERVICE LIST
### Ani Bagramyan v. Client Services, Inc.
### 07001.00

Ani Bagramyan                                      **Plaintiff Pro Se**
10557 Redmont Avenue
Tujunga, California 91042